IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Marian E. Mitchell-Henderson, | : | |
| --- | --- | --- |
| Plaintiff | : | Case No. 2:08-cv-00167 |
| v. | : | Judge Holschuh |
| Michael J. Astrue,<br>Commissioner of Social Security, | : | Magistrate Judge |
| | : | |
| Defendant | | |
| | : | |

**ORDER**

This matter is before the Court on plaintiff Mitchell-Henderson's November 5, 2008 objections to Magistrate Judge Abel's October 23, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff Marian E. Mitchell-Henderson alleges that she became disabled due to back and knee pain at age 31. She was 36 years old the time of the administrative hearing. Plaintiff has an 11th grade education and work experience as a telemarketer, security guard, cleaner, cashier and blood donor unit assistant. The administrative law judge found that Mitchell-Henderson had the residual functional capacity for a

reduced range of jobs having sedentary to light exertional demands. She further found that plaintiff retained the ability to perform her former job as a telemarketer.

Plaintiff argues that (1) there is not substantial evidence supporting the administrative law judge's decision that Mitchell-Henderson retains the ability to perform a reduced range of jobs having sedentary to light exertional demands and (2) the administrative law judge erred in failing to obtain the services of a medical expert to testify at the administrative hearing.

Plaintiff filed her applications for disability insurance benefits and social security supplemental income on September 17, 2001. On September 4, 2003, administrative law judge Thomas P. Piliero issued a decision finding that Mitchell-Henderson was not disabled. The Appeals Council remanded the case to the administrative law judge to reconsider his residual functional capacity findings and obtain vocational testimony. The Appeals Council remanded a second time, to a new administrative law judge, after the first administrative law judge failed to conduct a new evidentiary hearing on remand. On June 20, 2006, Administrative Law Judge Rita Eppler, following a hearing, issued a decision finding that Mitchell-Henderson had the following residual functional capacity to perform work having sedentary and light exertional demands:

> subject to the following: (1) no lifting and/ or carrying of greater than 25 pounds occasionally or 20 pounds frequently; (2) no standing and/or walking for greater than four hours in a workday; (3) no kneeling, crouching, or crawling; and (4) no more than occasional climbing, balancing, or stooping. From a mental standpoint, assuming the absence

2

>of alcohol and/or drug abuse, she is able to perform simple, repetitive
>tasks, consistent with moderately limited abilities to relate to others,
>respond appropriately to changes in a routine work setting, and respond
>appropriately to work pressures in a usual work setting.

(R. 23.) Based on those findings and the vocational expert's testimony, the administrative law judge concluded Mitchell-Henderson retained the ability to perform her past work as a telemarketer.

Residual functional capacity. The administrative law judge relied primarily on the report of Dr. Joseph Schlonsky, a specialist in orthopedics, who examined Mitchell-Henderson after the second remand at the request of the Commissioner. On examination, Dr. Schlonsky found no evidence of nerve root compression in the plaintiff's cervical, lumbar, or dorsal spine. She had bilateral patellar tendonitis, but did not need knee surgery. He believed that Mitchell-Henderson's complaints seemed out of proportion to the objective findings. Dr. Schlonsky concluded that Mitchell-Henderson should be capable of light work. (R. 295-96.) In his opinion, plaintiff could lift up to 50 pounds occasionally and 25 pounds frequently. She could sit without limitation; and she could stand/walk for 4 hours. Plaintiff should never kneel, crouch, or crawl, but could occasionally climb, balance, and stoop. (R. 301.)

Plaintiff prefers the residual functional capacity findings made by Dr. James H. Rutherford in the report of his February 2003 disability examination of Mitchell-Henderson for the Commissioner. On examination, Mitchell-Henderson had difficulty with knee bends. There was mid-thoracic spine tenderness, but she had no muscle

3

spasm or atrophy. There were no neurological deficits, no loss of motor function in her legs, and normal reflexes. She had crepitus in both knees and reduced flexion in her knee; she also had reduced dorso-lumbar range of motion but otherwise normal spinal ranges of motion. (R. 198.) She used a cane because of pain in her knees with weight bearing. (R. 197.)

Dr. Rutherford stated the opinion that Mitchell-Henderson was limited to sedentary work. She could sit for one hour at a time, for a total of six hours during an eight hour work day. (R. 198-99.) She could stand and walk for 15 minutes at a time, for a total of two hours a work day. She could lift up to 10 pounds occasionally. It was appropriate for her to use a cane while walking. She could not stoop or bend below knee level; and she could do no climbing, crawling, kneeling or balancing. She could not drive heavy equipment, work at unprotected heights, or work around hazardous machinery, on wet surfaces, or with vibrating equipment. (R. 199.) Dr. Rutherford noted, "The etiology of the pain, swelling and limitation of motion of Ms. Mitchell's knees is uncertain at this time, though she does apparently have some patellar femoral crepitus." *Id.*

It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled. The administrative law judge, not the Court, is the finder of fact. *Siterlet v. Secretary of Health & Human Services*, 823 F.2d 918, 920 (6th Cir. 1987). So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. §405(g). *Richardson v. Perales*, 402 U.S. 389, 401

(1971). In a close case, where there is substantial evidence supporting the administrative law judge's resolution of the disputed facts, the Court must affirm even if it would likely have resolved the disputed facts in plaintiff's favor had it been a trier of fact. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). There is a large zone of choice where the Commissioner's decision to deny benefits is supported by substantial evidence, and, had the Commissioner granted benefits, that decision also would have been supported by substantial evidence. *Mullen v. Secretary of Health & Human Services*, 800 F.2d 535, 548 (6th Cir. 1986)(*en banc*). In close cases, the Commissioner's decision must be affirmed so long as there is substantial evidence supporting the Commissioner's fact determinations "because there is a 'zone of choice' within which the Commissioner can act, without fear of court interference." *Mullen*, 800 F.2d at 545(citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984))." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

Here the vocational expert testified that Dr. Rutherford's residual functional capacity was consistent with Mitchell-Henderson being able to perform her former job as a telemarketer. (R. 421-21.) Thus, although the administrative law judge's residual functional capacity finding accepted Dr. Schlonsky's residual functional capacity opinion and rejected Dr. Rutherford's, her finding on the ultimate issue of disability was consistent with Dr. Rutherford's residual functional capacity opinion. Based on review of the record as a whole, the Court concludes that there is substantial evidence

supporting the administrative law judge's finding that Mitchell-Henderson retains the ability to perform her former work as a telemarketer.

Failure to retain the services of a medical expert. The Report and Recommendation addressed this issue as follows:

> The primary function of a medical expert is to explain medical terms and the findings in medical reports in more complex cases in terms that the administrative law judge, who is not a medical professional, may understand. *See, Richardson v. Perales,* 402 U.S. 389, 408 (1972). The Commissioner's regulations provide that an administrative law judge "may also ask for and consider opinions from medical experts on the nature and severity of [the claimant's] impairment(s) and on whether [the] impairment(s) equals the requirements of any impairment listed in appendix 1 to this subpart." 20 C.F.R. § 404,1527(f)(2)(iii). The Commissioner's operations manual indicates that it is within the administrative law judge's discretion whether to seek the assistance of a medical expert. HALLEX I-2-5-32 (September 28, 2005). "The primary reason an ALJ may obtain ME opinion is to gain information which will help him or her evaluate the medical evidence in a case, and determine whether the claimant is disabled or blind." *Id.* The operations manual indicates that an administrative law judge "may need to obtain an ME's opinion" in the following circumstances:
> - the ALJ is determining whether a claimant's impairment(s) meets a listed impairment(s);
> - the ALJ is determining the usual dosage and effect of drugs and other forms of therapy;
> - the ALJ is assessing a claimant's failure to follow prescribed treatment;
> - the ALJ is determining the degree of severity of a claimant's physical or mental impairment;
> - the ALJ has reasonable doubt about the adequacy of the medical record in a case, and believes that an ME may be able to suggest additional relevant evidence;
> - the medical evidence is conflicting or confusing, and the ALJ believes an ME may be able to clarify and explain the evidence or help resolve a conflict;

- the significance of clinical or laboratory findings in the record is not clear, and the ALJ believes an ME may be able to explain the findings and assist the ALJ in assessing their clinical significance;
- the ALJ is determining the claimant's residual functional capacity, *e.g.*, the ALJ may ask the ME to explain or clarify the claimant's functional limitations and abilities as established by the medical evidence of record;
- the ALJ has a question about the etiology or course of a disease and how it may affect the claimant's ability to engage in work activities at pertinent points in time, *e.g.*, the ALJ may ask the ME to explain the nature of an impairment and identify any medically contraindicated activities; or
- the ALJ desires expert medical opinion regarding the onset of an impairment.

> HALLEX I-2-5-34 (September 28, 2005). An administrative law judge's decision whether a medical expert is necessary is inherently discretionary. An administrative law judge abuses her discretion only when the testimony of a medical expert is "required for the discharge of the ALJ's duty to conduct a full inquiry into the claimant's allegations. *See* 20 C.F.R. § 416.1444." *Haywood v. Sullivan*, 888 F.2d 1463, 1467-68 (5th Cir. 1989).
> Here the administrative law judge did not abuse her discretion. Her decision included a fair recitation of the evidence and included thorough, well-documented findings supporting the conclusion that plaintiff Mitchell-Henderson was not disabled. (R. 16-24.)

October 23, 2008 Report and Recommendation, pp. 20-21. Upon a review of the record as a whole, the Court concludes that the administrative law judge did not abuse her discretion in deciding not to secure the assistance of a medical expert for the administrative hearing.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED.** Defendant's motion for summary judgment is **GRANTED.** The

decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

Date: February 26, 2009                                **/s/ John D. Holschuh**
                                                                                John D. Holschuh
                                                                                United States District Judge